UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY MCNALLY,

       Plaintiff,                        Case No.: 1:11-cv-13393
                                            Hon. Thomas L. Ludington
v.                                                Hon. Charles E. Binder

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC

       Defendant.

| RONALD S. WEISS (P48762) | CHARITY A. OLSON (P68295) |
|---|---|
| WEISBERG & MEYERS, LLC | OLSON LAW GROUP |
| Attorney for Plaintiff | Attorneys for Defendant |
| 7035 Orchard Lake Rd., Suite 600 | 106 E. Liberty, Suite 303 |
| West Bloomfield, MI 48322 | Ann Arbor, MI 48104 |
| 888-595-9111 Ext. 230 | 734-222-5179 |
| Fax: 866-565-1327 | Fax: 866-941-8712 |
| rweiss@attorneysforconsumers.com | colson@olsonlawpc.com |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

       Mary McNally ("Plaintiff"), by and through the undersigned counsel, hereby moves to enforce the settlement agreement entered into by Plaintiff and Receivables Performance Management, LLC ("Defendant"). In support thereof, Plaintiff respectfully states as follows:

**I.      STATEMENT OF RELEVANT FACTS.**

       1.      Plaintiff filed her Complaint with this Court on August 4, 2011, alleging violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Doc. 1).

       2.      Defendant filed its Answer on October 3, 2011. (Doc. 7).

       3.      Thereafter, Defendant and Plaintiff began settlement negotiations, reaching an agreement on April 11, 2012. *See* Email to Opposing Counsel with Signed Settlement Agreement and Release, attached herein as "Exhibit A."

4. On April 11, 2012, Plaintiff returned to Defendant a signed Settlement Agreement and Release ("Agreement"), and consented to Defendant's filing of a Notice of Settlement. *Id*.

5. On April 11, 2012, Defendant filed a Notice of Settlement with this Court stating: "The parties have agreed to settle this lawsuit and intend to file a Stipulation of Dismissal as to all parties, with prejudice, no later than June 9, 2012." (Doc. 16).

6. The Agreement provided that Defendant would tender a specified amount ("the Settlement Amount") to Plaintiff's counsel.[1]

7. On May 24, 2012, Defendant sent Plaintiff's counsel a letter requesting a W-9 Form for Plaintiff "for the purposes of issuing the settlement check in the above matter. . . . Should this information not be forthcoming, my client has advised me that they will be required to withhold 28% of the gross settlement amount from the settlement check consistent with IRC § 3406." *See* Letter to Plaintiff's Counsel, attached herein as "Exhibit B."

8. The Agreement does not require Plaintiff to submit her personal W-9 or any other tax-related form to Defendant as a condition of payment.

9. On June 5, 2012, Defendant emailed copies of two checks: the first check is for 72% of the Settlement Proceeds, payable to "Weisberg and Meyers, LLC, Teust [sic] Account"; the second check is for 28% of the Settlement Proceeds, payable to "Internal Revenue Service." *See* Checks from Defendant, attached herein as "Exhibit C."

10. Defendant breached the Agreement by failing to tender the Settlement Amount within the time allowed by the contract. *See* Email to Opposing Counsel Demanding Proper Payment, attached herein as "Exhibit D."

---

[1] The Agreement contains a confidentiality clause. Plaintiff intends to file a proposed stipulated order to seal the settlement agreement, as required by Local Rule 5.3b. Upon the Court's order, Plaintiff will file the same for the Court's review.

11. Plaintiff has repeatedly and consistently rejected submitting Plaintiff's W-9 form as a condition of payment, before and after signing the Agreement. *Id.*

12. As a result of Defendant's delay in tendering the agreed-upon amount, counsel for the parties stipulated to the entry of an order of the Court extending time for the parties to file the Stipulation of Dismissal from June 9, 2012 to August 9, 2012. The Court so ordered the same on June 11, 2012. (Doc. 17).

13. To date, Defendant has refused to tender the specified Settlement Amount.

14. On July 30, 2012, parties discussed the nature of this motion pursuant to Local Rule 7.1, but Plaintiff was unable to obtain a concurrence in the relief sought.

## II. DEFENDANT HAS NO CAUSE FOR FAILING TO PERFORM UNDER THE VALID AGREEMENT IT FORMED WITH PLAINTIFF.

The parties formed a binding contract when Defendant sent Plaintiff the Agreement and sought consent to file the Notice of Settlement, and Plaintiff provided consent and returned the signed Agreement, prompting Defendant to file the Notice of Settlement. Defendant has failed to perform its obligations under this Agreement.

### A. The Parties' Agreement Is A Binding Contract.

Settlement agreements are of a contractual nature. *See Makins v. District of Columbia*, 277 F.3d 544, 546 (D.C. Cir. 2002). "Normally, if a party enters into a settlement agreement knowingly and voluntarily, the agreement is treated as a binding contract." *Arnold v. United States*, 816 F.2d 1306, 1309 (9th Cir. 1987). District courts have inherent authority, deriving from their equity power, to enforce settlement agreements. *See Millner v. Norfolk & W. Ry. Co.*, 643 F.2d 1005, 1009 (4th Cir. 1981). "Compromises of disputed claims are favored by the courts." *Williams v. First Nat. Bank of Pauls Valley*, 216 US 582, 595 (1910); *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982) ("There are weighty justifications, such as the

reduction of litigation and related expenses, for the general policy favoring the settlement of litigation."); *Hallock v. State of New York*, 64 N.Y.2d 224, 230 (N.Y. 1984) ("Stipulations of settlement are favored by the courts and not lightly cast aside."). "Summary enforcement of a settlement agreement…is appropriate when there is no substantial dispute regarding the existence of the agreement and the terms are unambiguous." *Edwards v. Hocking Valley Cmty. Hosp.*, 87 F. App'x 542, 547 (6th Cir. 2004).

By sending the Agreement to Plaintiff on April 10, 2010, Defendant made an offer, which Plaintiff then accepted by signing and returning to Defendant. There was no ambiguity in the terms or confusion on the part of either side as to what the agreement required. After receiving the signed Agreement, Defendant filed a Notice of Settlement stating that the parties had agreed to settle the case. (Doc. 16). Defendant is now bound to the contract.

### B. Defendant Has No Reason For Failing To Tender The Settlement Amount.

Parties never agreed that Plaintiff would submit her individual W-9 Form as a condition precedent to payment, and has always expressly refused such terms. *See* Exhibit D. Simply because a party has "second thoughts about the results of a valid settlement agreement does not justify setting aside an otherwise valid agreement." *Young v. FDIC*, 103 F.3d 1180, 1195 (4th Cir. 1997). Defendant, therefore, has no cause for failing to render payment in the amount and manner prescribed by the contract. Accordingly, this Court should compel Defendant to abide by the Agreement by tendering the Settlement Amount.

### III. THIS COURT SHOULD AWARD PLAINTIFF ATTORNEYS' FEES INCURRED IN COMPELLING THIS SETTLEMENT.

Plaintiff moves for attorneys' fees and costs incurred in compelling this settlement. Defendant's basis for failing to tender payment is without merit. Whether attorneys' fees awarded under FDCPA and TCPA settlement agreements are taxable *against Plaintiff* is

ultimately irrelevant to Defendant's contractual obligations. Defendant signed an agreement stating it would tender a specific amount, *to Plaintiff's counsel*, and Defendant has failed to do so. Because the Agreement sets forth a specific, fixed Settlement Amount, Defendant's dilatory tactics have the effect of minimizing Plaintiff's actual compensation. The Court should not allow this result.

Plaintiff's counsel and Defendant have engaged in this debate before, such that Defendant knows or should know that failing to honor the settlement agreement on these grounds is without justification. *See Childers v. Receivables Performance Mgmt., LLC*, No. 3:11-CV-194-RJC-DSC, 2012 WL 664930, at *2 (W.D.N.C. Feb. 29, 2012) ("This Court lacks jurisdiction to render an advisory opinion as to the tax ramifications of the parties' settlement."); *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (federal courts lack the "power to render advisory opinions"). That this argument has been considered and rejected previously demonstrates that Defendant's failure to tender payment is a bad faith effort to frustrate and encumber Plaintiff. It is within the Court's power to impose sanctions for this type of conduct. *See Torres v. Costich*, 935 F. Supp. 232, 236 (W.D.N.Y. 1996) (citing *Hall v. Cole*, 412 U.S. 1, 5, 93 S.Ct. 1943, 1946, 36 L.Ed.2d 702 (1973)) (a court may award fees incurred to enforce settlement "in such circumstances under the court's inherent power to award attorney' fees to a successful litigant when the opposing party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons").

### IV. CONCLUSION.

The parties reached a complete, valid settlement agreement. Defendant must adhere to the terms of settlement. As of the date of this filing, Plaintiff's counsel has not received the full Settlement Amount from Defendant.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an Order compelling Defendant to honor the terms of the Agreement, including requiring Defendant to remit the agreed-upon Settlement Amount, and to pay Plaintiff's fees and costs associated with this motion.[2]

Respectfully submitted this 30th day of July, 2012.

WEISBERG & MEYERS, LLC

/s/ Ronald S. Weiss
Ronald S. Weiss
Michigan Bar No. P48762
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI 48322
RWeiss@AttorneysForConsumers.com
(888) 595-9111 ext. 230
(866) 565-1327 Fax
*Lead Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2012, the foregoing document was electronically filed with the clerk of the U.S. District Court for the Eastern District of Michigan, using CM/ECF, which shall send notification of such filing to the following:

Charity A. Olson
Attorney for Defendant
106 East Liberty, Suite 303
Ann Arbor, MI 48104

/s/ Ronald S. Weiss
Ronald S. Weiss

---

[2] Plaintiff's attorneys will provide an itemized list of time spent and costs incurred upon request.