UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY MCNALLY,

    Plaintiff,

v.

RECEIVABLES PERFORMANCE
MANAGEMENT, LLC

    Defendant.

Case No.: 1:11-cv-13393
Hon. Thomas L. Ludington

| RONALD S. WEISS (P48762) | CHARITY A. OLSON (P68295) |
|---|---|
| WEISBERG & MEYERS, LLC | OLSON LAW GROUP |
| Attorney for Plaintiff | Attorneys for Defendant |
| 7035 Orchard Lake Rd., Suite 600 | 106 E. Liberty, Suite 303 |
| West Bloomfield, MI 48322 | Ann Arbor, MI 48104 |
| 888-595-9111 Ext. 230 | 734-222-5179 |
| Fax: 866-565-1327 | Fax: 866-941-8712 |
| rweiss@attorneysforconsumers.com | colson@olsonlawpc.com |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AND REQUEST FOR ENTRY OF DISMISSAL WITH PREJUDICE**

Defendant, Receivables Performance Management, LLC ("Defendant"), through its counsel, Olson Law Group, for its Response to Plaintiff's Motion to Enforce Settlement and Request For Immediate Entry of an Order of Dismissal with Prejudice, states as follows:

**I.  BACKGROUND**

Plaintiff correctly states that the parties reached a confidential agreement to settle Plaintiff's lawsuit.  However, contrary to Plaintiff's assertions, otherwise, Defendant has made every effort to comply with the terms of the parties' agreement and its respective obligations under the Internal Revenue Code ("IRC"), issuing the agreed upon payment less those amounts

1

that Defendant was required to withhold in the face of Plaintiff's refusal to provide Defendant with the requisite form W-9.

Defendant's obligation to properly report the settlement amount to the Internal Revenue Service ("IRS") as to both Plaintiff *and* her attorney is **not** voluntary; indeed, Defendant's failure to do so and/or to withhold taxes presumptively due to the IRS, thereunder, could subject Defendant to various penalties.

For all of the reasons that follow, the Court should deny Plaintiff's motion and, instead, enter an order denying Plaintiff's motion and dismissing this action with prejudice consistent with the parties' agreement.

**II.     ARGUMENT**

    **A.     Plaintiff Has Failed To Provide Defendant With The Requisite W-9 So Defendant Can Comply With The IRC And Corresponding Treasury Regulations**

The IRC and associated Treasury Regulations require a party engaged in trade or business certain payments over $600 to report the transaction to the IRS through the issuance of one or more IRS form 1099s. IRC § 6041(a); Treas. Reg. § 1.6041-1. A party is engaged in a trade or business if, *inter alia*, the party performs activities for gain or profit. *Id*. Because Defendant is engaged in for profit activities, it must report all such payments constituting gross income.

For purposes of 1099 reporting, the IRS broadly defines what constitutes "gross income." Payment of a judgment or settlement by a business such as Defendant presumptively falls within the broad scope of taxable income and is, therefore, reportable. *Johnson v. LPL Financial Services*, 517 F. Supp. 2d 1231, 1234 (C.D. Cal. 2007), attached as Exhibit A; IRC § 61(a). A party's failure to issue a form 1099 may result in penalties pursuant to IRC § 6721.

In the case of a judgment or settlement payment, a defendant's determination of whether a form 1099 should be issued to plaintiff, plaintiff's attorney or both turns on the specific circumstances of the case and, more specifically, who such settlement payment is payable to. *Johnson* at 1232-1233. As explained by the Court in *Johnson*:

> If some or all of the judgment or settlement payment is includable in Plaintiff's gross income, and the check is made payable to only Attorney, Defendant is required to provide a form 1099 to both Attorney and Plaintiff. This is because Defendant has separate obligations under the I.R.C. to provide Attorney and Plaintiff with form 1099s. Treas. Reg. § 1.6045-5 states that Defendant must provide Attorney with a form 1099 for payments over $ 600 whether or not the attorney's services were performed for Defendant and whether or not Defendant is required to provide additional form 1099s. Treas. Reg. § 1.6041-1 states that Defendant is also required to provide Plaintiff with a form 1099 for payments made over $ 600 if the payment is considered gross income to Plaintiff. Therefore, when a check is made out to only Attorney and the payment is considered gross income to Plaintiff, Defendant is required to provide form 1099s to Attorney and Plaintiff.

*Id.,* at 1235-1236.

Here, there is no dispute that Plaintiff requested that the agreed upon settlement payment be made payable to her attorney, only. There is also no dispute that, notwithstanding repeated requests that she do so in advance of the payment due date, Plaintiff refused to provide Defendant with her W-9 so that Defendant could satisfy its respective reporting obligations.

Plaintiff's provision of her attorney's W-9, only, is no more sufficient today than it was 2 months ago, nor does it *somehow* absolve Defendant from satisfying its tax reporting obligations in this instance. Indeed, the agreement expressly provides that "[t]he Agreement is enforceable regardless of the taxability of the Settlement Amount or any portion thereof." Thus, Plaintiff's suggestion that such reporting obligations came as a surprise to Plaintiff and her counsel is without merit.

Equally unavailing is Plaintiff's suggestion that Defendant cannot comply with the IRC because the agreement did not expressly state that Defendant intended to properly report the payment to the IRS as required by law. See, e.g., *McCormick v. Brezinski*, 2010 U.S. Dist. LEXIS 36106, *10 (E.D. Mich. 2010) (rejecting plaintiff's contention that defendant's demand for plaintiff's social security number for the purpose of dispatching defendant's form 1099 reporting obligations was unenforceable). Defendant is plainly required to issue a form 1099 to both Plaintiff and her attorney as outlined above. Accordingly, Plaintiff's failure to do so is and remains without legal justification.

If Plaintiff wishes to contest the applicable IRC provisions and/or the tax treatment of the agreed upon payment directly with the IRS, she is certainly free to do so. However, Defendant respectfully submits that neither the parties, nor this Court, are empowered to disregard the IRC in the course of properly reporting the agreed upon settlement payment.

    B.    Faced With Plaintiff's Refusal to Duly Provide Her W-9, Defendant Properly Withheld Those Amounts Mandated by the IRS

Beyond the penalties associated with the failure to properly issue the requisite form 1099 in the first instance – which Plaintiff seemingly glosses over – a party that fails to withhold income tax on reportable payments can also be held liable for the payment of any back up withholding required to be deducted but not so withheld. IRC § 3406. Such circumstances include, but are not limited to, instances where a payee fails to furnish a tax identification number in the manner required (i.e. by the provision of a form W-9). *Id*.

This is precisely the same circumstance that Defendant finds itself in. Here, Plaintiff's refusal to furnish her W-9 does not excuse Defendant's obligations under the IRC. In fact, the IRC expressly contemplates such a scenario, mandating that the payer take affirmative steps to deduct and withheld appropriate taxable amounts or run the risk of further penalty.

Plaintiff's "problem" is solely of her own making.  By Plaintiff's own admission, Defendant expressly advised Plaintiff's counsel, in writing, that it would be forced to comply with the provisions of IRC § 3406 should Plaintiff's W-9 not be forthcoming.  Despite Defendant's renewed plea for Plaintiff's W-9, Plaintiff and/or her counsel, again, ignored such notice and persisted with their refusal to provide the necessary documentation.

Confronted with the looming settlement payment deadline and the specter of IRS penalties, Defendant properly and with full written notice to Plaintiff issued the agreed upon settlement payment less those amounts that Defendant was required to withhold pursuant to IRC § 3406.  The remaining amount, representing back up withholding, was made payable to the IRS.

Plaintiff does not in any way dispute this sequence of events, nor does Plaintiff offer any reason whatsoever as to why the above-cited provisions do not apply to her.  See, Dkt. 18, Plaintiff's Motion, ¶ 9.  In fact, Plaintiff simply and rather unabashedly announces that she will not comply with the IRC, now or in the future.  Such actions are wholly improper and are the sole reason for the continued delay in dismissal of this matter.

    C.    The Court Should Enter an Order Dismissing this Matter With Prejudice and Awarding Defendant Its Fees and Costs

Despite Plaintiff's utter lack of cooperation, Defendant has complied with the parties' agreement, issuing the settlement payment less required withholding amounts.  Accordingly, Plaintiff's refusal to dismiss this matter, as required by the parties' agreement, is without justification and constitutes a continuing breach of the settlement agreement, which mandates dismissal of this action in its entirety.

**III.  CONCLUSION**

Because there is no longer a case or controversy between the parties, the Court can and should enter an order of dismissal with prejudice without further delay.  Defendant has made the

agreed upon settlement payment less required withholding amounts.  Plaintiff is entitled to nothing more.

Defendant, on the other hand, bargained for dismissal of this matter with prejudice and should be granted nothing less.  Defendant should also be awarded its attorney's fees and costs incurred in responding to Plaintiff's motion.

Respectfully Submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
Olson Law Group
Attorneys for Defendant
106 E. Liberty, Suite 303
Ann Arbor, MI 48104
734-222-5179
Fax: 866-941-8712
colson@olsonlawpc.com

Dated: August 13, 2012

**PROOF OF SERVICE**

I, Charity A. Olson, hereby state that on August 13, 2012, I served a copy of the foregoing pleading upon all counsel of record via the Court's ECF system.

/s/ Charity A. Olson
CHARITY A. OLSON (P68295)
Olson Law Group
Attorneys for Defendant
106 E. Liberty, Suite 303
Ann Arbor, MI 48104
(734) 222- 5179
colson@olsonlawpc.com