1 of 1 DOCUMENT

**GAY L. JOHNSON, Plaintiff, vs. LPL FINANCIAL SERVICES, Defendant.**

Civil No. 07cv233 W (LSP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

517 F. Supp. 2d 1231; 2007 U.S. Dist. LEXIS 77129; 101 A.F.T.R.2d (RIA) 737

October 17, 2007, Decided
October 17, 2007, Filed

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff employee and defendant employer reached an agreement in an employment discrimination case. The parties negotiated a written settlement agreement but came to an impasse regarding to whom, and in what amount, must the employer provide the Internal Revenue Service (IRS) information Form 1099s.

**OVERVIEW:** The court began by determining whether or not the employer was a person engaged in a trade or business and making payment in the course of such trade or business. Because the answer was yes, it was required to file I.R.S. Form 1099s according to the instructions in the I.R.C. and Treas. Regs. The parties did not dispute that the employer was engaged in a trade or business and would be making the settlement payment in the course of such trade or business. Also, the parties did not dispute that the settlement payment constituted gross income to the employee. In light of the court's findings, the employee's attorney requested additional time to confer with his client to determine the employee's preferred method of payment. Once the employee had decided exactly how she would prefer the employer to pay the settlement amount, the employee's attorney was instructed to forward the employee's request to the employer. The employer would then issue any and all I.R.S. Form 1099s required by law with respect to the payment.

**OUTCOME:** It was ordered for the employee's attorney to confer with his client and inform the employer of the employee's preferred method of payment. The employer would then issue any and all I.R.S. Form 1099s required by law with respect to the settlement payment.

**CORE TERMS:** payee, gross income, settlement payment, information return, settlement, required to provide, irs, check payable, legal services, claimant, box, calendar year, issuing, person engaged, sickness, physical injury, includable, electronic, visited, settle, http, wire, www, gov, client trust account, settlement agreement, gross proceeds, determinable, i1099msc, delivers

**LexisNexis(R) Headnotes**

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN1] An Internal Revenue Service (IRS) Form 1099 is an informational statement businesses are required to provide to the recipient of a payment in order to report certain transactions to the IRS. The requirement to issue a I.R.S. Form 1099 is mandated by the Internal Revenue Code (I.R.C.) and associated Treasury Regulations. Failure to issue a I.R.S. Form 1099 may result in penalties under I.R.C. § 6721.

517 F. Supp. 2d 1231, *; 2007 U.S. Dist. LEXIS 77129, **;
101 A.F.T.R.2d (RIA) 737

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*

[HN2] After January 1, 2007, a defendant engaged in a trade or business who makes a judgment and/or settlement payment over $ 600 may be required to issue a I.R.S. Form 1099 to the plaintiff and/or the plaintiff's attorney depending on how the payment is made.  Whether or not the defendant must issue a I.R.S. Form 1099 to only the plaintiff, to only the attorney, or to both the plaintiff and the attorney, will depend on the specific circumstances of the payment.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN3] See Treas. Reg. § 1.6041-1.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN4] See I.R.C. § 6041(a).

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN5] The Treasury Regulations explain that a party is engaged in a trade or business if that party performs any activity for gain or profit or is a non-profit organization under I.R.C. §§ 401(a), 501(c), 501(d) or 521. A party is not engaged in a trade or business if that party is merely an individual or is acting in his or her individual capacity.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN6] See Treas. Reg. § 1.6041-1(b).

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN7] See I.R.C. § 6041(b).

*Evidence > Inferences & Presumptions > Presumptions > General Overview*
*Tax Law > Federal Income Tax Computation > Gross Income (IRC sec. 61)*
[HN8] The Internal Revenue Service broadly defines what constitutes gross income and allows for few exceptions. Generally, income is all income from whatever source derived. Payments of a judgment or settlement will likely fall within the broad scope of taxable income. However, a few exceptions exist. Since the definition of gross income is very broad and the exceptions are limited, courts assume a judgment or settlement payment is gross income to the plaintiff unless the plaintiff can point to the Internal Revenue Code or Treasury Regulations to demonstrate otherwise.

*Tax Law > Federal Income Tax Computation > Gross Income (IRC sec. 61)*
[HN9] See I.R.C. § 61(a).

*Tax Law > Federal Income Tax Computation > Gross Income (IRC sec. 61)*
[HN10] Damages (other than punitive damages) received on account of personal physical injuries or physical sickness are not considered taxable gross income. But, damages for emotional distress are not considered to stem from physical injuries or physical sickness, therefore payments made for emotional distress are included in gross income. I.R.C. § 104(a).

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN11] If a judgment or settlement payment is not gross income to the plaintiff, the defendant is not required to issue a I.R.S. Form 1099 to the plaintiff.  However, the defendant continues to be required to issue a I.R.S. Form 1099 to the plaintiff's attorney for payments over $ 600.

517 F. Supp. 2d 1231, *; 2007 U.S. Dist. LEXIS 77129, **;
101 A.F.T.R.2d (RIA) 737

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN12] See Treas. Reg. § 1.6045-5 ex. 2.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN13] A defendant making a judgment or settlement payment has an obligation to provide the plaintiff's attorney with a I.R.S. Form 1099 under I.R.S. § 6045 and Treas. Reg. § 1.6045-5 which applies regardless of whether or not the attorney must also provide the plaintiff with a form 1099.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN14] If some or all of a judgment or settlement payment is includable in a plaintiff's gross income and the defendant writes a check payable to only the plaintiff, the defendant is required to provide only the plaintiff with an I.R.S. Form 1099. The key question is whether or not the plaintiff's attorney has the right to negotiate the check. If the attorney is not listed as a payee on the check and does not have the right to negotiate the check, the defendant is not required to provide the attorney with an I.R.S. Form 1099. It is important to note that if the attorney's client trust account is listed as a payee on the check, the check is not considered to be made out only to the plaintiff and the defendant will be required to provide an I.R.S. Form 1099 to the attorney as well as the plaintiff.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN15] See Treas. Reg. § 1.6045-5(d)(4).

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN16] If a check for a judgment or settlement is made payable to only the plaintiff, but the check is delivered to the plaintiff's attorney because it is addressed to the plaintiff "in care of "or "c/o" the attorney, the defendant is not required to provide an I.R.S. Form 1099 to the attorney, but is required to provide an I.R.S. Form 1099 to the plaintiff.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN17] See Treas. Reg. § 1.6045-5 ex. 4.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN18] If some or all of a judgment or settlement payment is includable in the plaintiff's gross income, and the check is made payable to only the plaintiff's attorney, the defendant is required to provide an I.R.S. Form 1099 to both the attorney and the plaintiff. This is because the defendant has separate obligations under the I.R.C. to provide the attorney and the plaintiff with I.R.S. Form 1099s.  Treas. Reg. § 1.6045-5 states that the defendant must provide the attorney with an I.R.S. Form 1099 for payments over $ 600 whether or not the attorney's services were performed for the defendant and whether or not the defendant is required to provide additional form 1099s. Treas. Reg. § 1.6041-1 states that the defendant is also required to provide the plaintiff with an I.R.S. Form 1099 for payments made over $ 600 if the payment is considered gross income to the plaintiff. Therefore, when a check is made out to only the attorney and the payment is considered gross income to the plaintiff, the defendant is required to provide I.R.S. Form 1099s to the attorney and the plaintiff.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN19] A defendant making a judgment or settlement payment is required to provide individuals and businesses with I.R.S. Form 1099s under I.R.C § 6041 and Treas. Reg. § 1.6041-1. The defendant is required to provide the plaintiff's

1:11-cv-13393-TLL-CEB   Doc # 19-1   Filed 08/13/12   Pg 4 of 12   Pg ID 77

Page 4

517 F. Supp. 2d 1231, *; 2007 U.S. Dist. LEXIS 77129, **;
101 A.F.T.R.2d (RIA) 737

attorney with an I.R.S. Form 1099 under I.R.C § 6045 and Treas. Reg. § 1.6045-5 regardless of whether or not the defendant has provided I.R.S. Form 1099s to any one else representing the same payment.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN20] See Treas. Reg. § 1.6045-5.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN21] See Treas. Reg. § 1.6041-1.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN22] If some or all of a judgment or settlement payment is includable in the plaintiff's gross income and the check is made payable to both the plaintiff's attorney and the plaintiff, the defendant is required to provide I.R.S. Form 1099s to both the attorney and the plaintiff. This is because the defendant has separate obligations under the I.R.C. and Treas. Regs. to provide the attorney and the plaintiff with I.R.S. Form 1099s. Additionally, a check made payable to the attorney's client trust account is considered to be made payable to the attorney. Therefore, if a check is made payable to both the attorney's client trust account and the plaintiff, the defendant will be required to provide I.R.S. Form 1099s to both the attorney and the plaintiff.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN23] I.R.C § 6041 and Treas. Reg. § 1.6041-1 require a defendant making a judgment or settlement payment to provide individuals and businesses with I.R.S. Form 1099s. I.R.C § 6045 and Treas. Reg. § 1.6045-5 require the defendant to provide the plaintiff's attorney with I.R.S. Form 1099s even when other I.R.S. Form 1099s have been issued. Specifically, Treas. Reg. § 1.6045-5 provides that the requirement to issue a I.R.S. Form 1099 to the attorney applies whether or not other information returns are required with respect to some or all of a payment under other provisions of the Internal Revenue Code and the regulations thereunder. Treas. Reg. § 1.6041-1(a)(1)(iii) explains that for payments made after January 1, 2007, a person who, in the course of a trade or business, pays $ 600 of taxable damages to a claimant by paying that amount to the claimant's attorney is required to file an information return under I.R.C. § 6041 with respect to the claimant, as well as another information return under I.R.C § 6045(f) with respect to the claimant's attorney.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN24] See Treas. Reg. § 1.6045-5(d).

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN25] See Treas. Reg. § 1.6045-5 ex. 1.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN26] If separate checks are made out to a plaintiff's attorney and to the plaintiff that are payable to only the attorney and to only the plaintiff respectively, the defendant is required to provide the attorney with an I.R.S. Form 1099 in the amount of the check made out to the attorney and provide the plaintiff with an I.R.S. Form 1099 for the total amount of the judgment or settlement payment that is includable in the plaintiff's gross income (including the payment to the attorney).

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information*

1:11-cv-13393-TLL-CEB   Doc # 19-1   Filed 08/13/12   Pg 5 of 12   Pg ID 78

Page 5

517 F. Supp. 2d 1231, *; 2007 U.S. Dist. LEXIS 77129, **;
101 A.F.T.R.2d (RIA) 737

*Returns (IRC secs. 6031-6065) > Information at Source*
[HN27] See Treas. Reg. § 1.6041-1(a).

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN28] See Treas. Reg. § 1.6045-5 ex. 3.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN29] If multiple attorneys are listed as payees on a check made for payment of a judgment or settlement, the defendant must provide an I.R.S. Form 1099 to the payee attorney to which the check is delivered.  If multiple attorneys are listed as payees on the check, but the check is delivered to someone who is not a payee, the defendant must provide an I.R.S. Form 1099 to the first named payee attorney on the check.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN30] See Treas. Reg. § 1.6045-5(b)(1)(i)(b).

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN31] See Treas. Reg. § 1.6045-5(b)(1)(iii).

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN32] The rules regarding I.R.S. Form 1099s apply to all settlement or judgment payments including payments made with cash, wire transfer, electronic transfer or any other form of payment. Payments made by alternative methods should be treated as if they were made by check and follow the same rules.

*Tax Law > Federal Tax Administration & Procedure > Administration > Identification Numbers & Information Returns (IRC secs. 6031-6065) > Information at Source*
[HN33] See Treas. Reg. § 1.6045-5(d)(4).

**COUNSEL:**  [**1] For Gay L Johnson, Plaintiff: Doc Anthony Anderson, III, LEAD ATTORNEY, Law Office of Doc Anthony Anderson III, San Diego, CA.

For LPL Financial Services, also known as Linsco/Private Ledger Corporation, Defendant: John E Fitzsimons, LEAD ATTORNEY, DLA Piper Rudnick Gray Cary, San Diego, CA.

**JUDGES:** Hon. Leo S. Papas, U.S. Magistrate Judge.

**OPINION BY:** Leo S. Papas

 **OPINION**

 [*1231]  ORDER REGARDING FORM 1099 ISSUING REQUIREMENTS AFTER PAYMENT OF SETTLEMENT

**BACKGROUND**

On July 25, 2007, Plaintiff and Defendant reached an agreement to settle Plaintiff's employment discrimination case. Plaintiff agreed to release all claims against Defendant in exchange for Defendant's payment of a confidential sum. The parties were instructed to draft a settlement agreement memorializing their agreement. Thereafter, the parties stipulated that the undersigned would have jurisdiction to decide, *inter alia,* all disputes regarding settlement terms arising during

1:11-cv-13393-TLL-CEB Doc # 19-1 Filed 08/13/12 Pg 6 of 12 Pg ID 79

Page 6

517 F. Supp. 2d 1231, *1231; 2007 U.S. Dist. LEXIS 77129, **1;
101 A.F.T.R.2d (RIA) 737

the documentation of settlement that could not be resolved by the parties themselves.

The parties negotiated a written settlement agreement but came to an impasse regarding to whom, and in what amount, must Defendant provide Internal Revenue Service (hereinafter "IRS") information form 1099s [**2] (hereinafter "form 1099").

The Court requested that counsel submit briefs regarding the disputed issues. On August 31, 2007, Plaintiff's counsel [*1232] (hereinafter "Attorney") submitted to the Court a letter brief (hereinafter "Aug. 3 Letter Br."). On September 5, 2007, Defendant's counsel submitted to the Court a letter brief (hereinafter "Sept. 5 Letter Br."). On October 4, 2007, Attorney submitted to the Court a letter brief that responded to Defendant's Sept. 5 Letter Br. (hereinafter "Oct. 4 Letter Br.").

Initially, Defendant drafted the settlement agreement to state "Defendant will issue any information statements (e.g., Form 1099) required by law with respect to the payment." (Sept. 5 Letter Br., Ex. A.) Attorney objected to this language and suggested it be revised to read "Defendant will issue any information statements (e.g. Form 1099) required by law to Johnson's attorney of record." (Sept. 5 Letter Br., Ex. B.)

Attorney had originally requested Defendant provide him with a check made payable to both Attorney and Plaintiff, but requested Defendant issue a form 1099 solely to Attorney in the full amount of the settlement payment. Defendant informed Attorney that if Defendant made [**3] the settlement check payable to both Attorney and Plaintiff, Defendant would be required to issue form 1099s to both Attorney and Plaintiff. (Sept. 5 Letter Br., Exs. H, I.) Attorney then requested Defendant issue the settlement check solely to Attorney's client trust account, and again requested Defendant issue a form 1099 solely to Attorney for the full amount of the settlement payment. (Sept. 5 Letter Br., Ex. J.) Defendant informed Attorney that if Defendant were to make the settlement check payable to Attorney's client trust account, Defendant would continue to be required to issue form 1099s to both Attorney and Plaintiff. (Sept. 5 Letter Br., Ex. K.) Attorney remained steadfast in his position that Defendant should issue only one form 1099 to Attorney for the full amount of the settlement payment. (Sept. 5 Letter Br., Exs. L, O.)

On October 10, 2007, the Court heard arguments regarding to whom, and in what amount, Defendant should provide information statement form 1099s. This Order addresses Defendant's form 1099 issuing requirements upon payment of a judgment or settlement.

**DISCUSSION**

**I. Issuing Form 1099s**

[HN1] An IRS form 1099 is an informational statement businesses are required [**4] to provide to the recipient of a payment in order to report certain transactions to the IRS. [1] The requirement to issue a form 1099 is mandated by the Internal Revenue Code (hereinafter "I.R.C.") and associated Treasury Regulations (hereinafter "Treas. Regs."). Failure to issue a form 1099 may result in penalties under I.R.C. § 6721.

---

1 Internal Revenue Service, A Guide to Information Returns, http://www.irs.gov/efile/article/0,,id=98114,00.html (last visited Oct. 9, 2007); Internal Revenue Service, Instructions for Form 1099 - MISC 2007, http://www.irs.gov/pub/irs-pdf/i1099msc.pdf (last visited Oct. 9, 2007). For more information on form 1099s, individuals may contact the IRS Business Department at (866) 455-7438 Monday through Friday from 8:30am - 4:30pm EST.

---

[HN2] After January 1, 2007, a Defendant engaged in a trade or business who makes a judgment and/or settlement payment over $ 600 may be required to issue a form 1099 to Plaintiff and/or Plaintiff's Attorney depending on how the payment is made. [2] Whether or not Defendant must issue a [*1233] form 1099 to only Plaintiff, to only Attorney, or to both Plaintiff and Attorney, will depend on the specific circumstances of the payment. [3]

1:11-cv-13393-TLL-CEB   Doc # 19-1   Filed 08/13/12   Pg 7 of 12   Pg ID 80

Page 7

517 F. Supp. 2d 1231, *1233; 2007 U.S. Dist. LEXIS 77129, **4;
101 A.F.T.R.2d (RIA) 737

2 Treas. Reg. § 1.6041-1 [**5] ( [HN3] "every person engaged in a trade or business shall make an information return for each calendar year with respect to payments it makes during the calendar year in the course of its trade or business to another person of fixed or determinable income.")

3 If Defendant is required to issue a form 1099 to Plaintiff, Defendant will likely list the payment in box 3 on the form 1099 which indicates the payment is "other income" to Plaintiff. *See* Specific Instructions for Form 1099-MISC, http://www.irs.gov/instructions/i1099msc/ar02.html#d0e75 (Last visited Oct. 9, 2007). Generally, any damages, judgment or settlement payment will fall into this catch-all category of "other income" and the IRS will interpret the entire amount of the "other income" payment as includable in Plaintiff's gross income. *Id.* (explaining that items required to be reported in box 3 include all punitive damages even if they relate to physical injury or physical sickness, any damages for nonphysical injuries or sickness, and any other taxable damages, compensatory damages for nonphysical injuries or sickness, such as employment discrimination or defamation. However, items that should not be reported in box 3 include damages [**6] (other than punitive damages) received on account of personal physical injuries or physical sickness, that do not exceed the amount paid for medical care for emotional distress.) If Defendant is required to issue a form 1099 to Plaintiff's Attorney, Defendant will likely list the payment in box 14 on the form 1099 which identifies the payment as "gross proceeds paid to an attorney" rather than income to that Attorney. *Id.* ("Box 14 . . . [e]nter gross proceeds paid to an attorney in connection with legal services (regardless of whether the services are performed for the payer)." Defendant is not required to identify how much of the judgment or settlement payment is retained by Attorney as payment for Attorney's legal services. Therefore if Defendant lists the entire payment as "gross proceeds paid to an attorney," Attorney is able to indicate to the IRS the actual amount of legal fees Attorney received as income. *See* 2007 Instructions for Form 1099 MISC at MISC 2, http://www.irs.gov/pub/irs-pdf/i1099msc.pdf (Last visited Oct. 2007) ("[U]nder section 6045(f), report in box 14 payments to an attorney made in the course of your trade or business in connection with legal services, for [**7] example, as in a settlement agreement, unless the attorney's fees are reportable by you in box 7.") It is important to note that actual payments to attorneys should be reported in box 7 of the form 1099 and will indicate to the IRS that the payment is income to the attorney rather than merely gross proceeds from a judgment or settlement. *See* Specific Instructions for Form 1099-MISC, http://www.irs.gov/instructions/i1099msc/ar02.html#d0e75 (Last visited Oct. 9, 2007).

Pursuant to the I.R.C. and Treas. Regs., the Court must engage in a the three step analysis detailed below to determine what, if any, form 1099s Defendant must issue with regard to a judgment or settlement payment. This Order addresses each form of payment that Defendant may make separately, and the resulting form 1099 issuing requirements.

**The Court's Three Step Analysis:**

(1) Is Defendant engaged in a trade or business?

(2) Is the judgment or settlement payment gross income to Plaintiff?

(3) How is Defendant paying Plaintiff?

    (a) A check made out only to Plaintiff

    (b) A check make out only to Attorney

    (c) A check made out to Attorney and Plaintiff

    (d) Separate checks to Attorney and Plaintiff

    (e) A [**8] check made out to multiple Attorneys

    (f) Another method of payment such as cash, wire transfer or electronic transfer

**(1) Step One: Is Defendant engaged in a trade or business?**

The Court begins by determining whether or not the Defendant is a person "engaged in a trade or business and making payment in the course of such trade or business." [4] If the answer is yes, that [*1234] Defendant is required to file form 1099s according to the instructions in the I.R.C. and Treas. Regs. as explained below. If Defendant is not engaged in a trade or business, then Defendant is not required to issue form 1099s.

1:11-cv-13393-TLL-CEB Doc # 19-1 Filed 08/13/12 Pg 8 of 12 Pg ID 81

Page 8

517 F. Supp. 2d 1231, *1234; 2007 U.S. Dist. LEXIS 77129, **8;
101 A.F.T.R.2d (RIA) 737

---

4 I.R.C. § 6041(a) ( [HN4] "Payments of $ 600 or more.--All persons engaged in a trade or business and making payment in the course of such trade or business to another person, of rent, salaries, wages, premiums, annuities, compensations, remunerations, emoluments, or other fixed or determinable gains, profits, and income.")

---

[HN5] The Treas. Regs. explain that Defendant is engaged in a trade or business if Defendant performs any activity for gain or profit or is a non-profit organization under I.R.C. §§ 401(a), 501(c), 501(d) or 521. [5] Defendant is not engaged in a trade or business if Defendant is merely an individual [**9] or is acting in his or her individual capacity. [6] If the court finds Defendant is engaged in a trade or business, the Court moves to step two in its analysis to determine whether or not the payment is gross income to Plaintiff.

---

5 Treas. Reg. § 1.6041-1(b) ( [HN6] "The term "all persons engaged in a trade or business", as used in section 6041(a), includes not only those so engaged for gain or profit, but also organizations the activities of which are not for the purpose of gain or profit. Thus, the term includes the organizations referred to in section 401(a), 501(c), 501(d) and 521 and in paragraph (i) of this section.")

6 I.R.C. § 6041(b) ( [HN7] "section 6041(a) applies only to payments in the course of trade or business.")

---

**(2) Step Two: Is the judgment or settlement payment gross income to Plaintiff?**

[HN8] The IRS broadly defines what constitutes gross income and allows for few exceptions. Generally, income is "all income from whatever source derived." [7] Payments of a judgment or settlement will likely fall within the broad scope of taxable income. However, a few exceptions exist. [8] Since the definition of gross income is very broad and the exceptions are limited, the Court assumes a judgment or settlement [**10] payment is gross income to Plaintiff unless Plaintiff can point to the I.R.C. or Treas. Regs. to demonstrate otherwise.

---

7 I.R.C. § 61(a) ( [HN9] "gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, fringe benefits, and similar items; (2) Gross income derived from business; (3) Gains derived from dealings in property; (4) Interest; (5) Rents; (6) Royalties; (7) Dividends; (8) Alimony and separate maintenance payments; (9) Annuities; (10) Income from life insurance and endowment contracts; (11) Pensions; (12) Income from discharge of indebtedness; (13) Distributive share of partnership gross income; (14) Income in respect of a decedent; and (15) Income from an interest in an estate or trust.")

8 For example, [HN10] damages (other than punitive damages) received on account of personal physical injuries or physical sickness are not considered taxable gross income. But, damages for emotional distress are not considered to stem from physical injuries or physical sickness, therefore payments made for emotional distress are included in gross income. I.R.C. § 104(a).

---

[HN11] If the judgment or settlement [**11] payment is not gross income to Plaintiff, Defendant is not required to issue a form 1099 to Plaintiff. [9] However, Defendant continues [*1235] to be required to issue a form 1099 to Attorney for payments over $ 600. [10] If the judgment or settlement payment is gross income to Plaintiff, or if Defendant is required to issue a form 1099 to Attorney, the Court should move to step three in its analysis to determine Defendant's form 1099 issuing requirements based on the circumstances of payment.

---

9 Treas. Reg. § 1.6045-5 Example 2 ( [HN12] "One check--joint payees--excludable to claimant. C, who sues corporation P for damages on account of personal physical injuries, is represented by attorney A. P settles the suit for a $ 300,000 damage payment that is excludable from C's gross income under section 104(a)(2). P writes a $ 300,000 settlement check payable jointly to C and A and delivers the check to A. A

517 F. Supp. 2d 1231, *1235; 2007 U.S. Dist. LEXIS 77129, **11;
101 A.F.T.R.2d (RIA) 737

retains $ 120,000 of the payment as compensation for legal services and remits the remaining $ 180,000 to C. P must file an information return with respect to A for $ 300,000 under paragraph (a)(1) of this section. P does not file an information return with respect to tax-free damages paid to C.")

10 Treas. Reg. § 1.6045-5. [**12] [HN13] Defendant has an obligation to provide Attorney with a form 1099 under I.R.S. § 6045 and Treas. Reg. § 1.6045-5 which applies regardless of whether or not Attorney must also provide Plaintiff with a form 1099.

**(3) Step Three: How is Defendant paying Plaintiff?**

Defendant's form 1099 issuing requirements may differ depending on whether Defendant pays the judgment or settlement with a check made out only to Plaintiff, a check made out only to Attorney, a check made out to Attorney and Plaintiff, separate checks to Attorney and Plaintiff, a check made out to multiple Attorneys, or using another method of payment such as cash, wire transfer or electronic transfer. An explanation of Defendant's form 1099 issuing requirements for each of the these factual situations is stated below.

**(a) A check made out only to Plaintiff**

[HN14] If some or all of the judgment or settlement payment is includable in Plaintiff's gross income and Defendant writes a check payable to only Plaintiff, Defendant is required to provide only Plaintiff with a form 1099. [11] Here, the key question is whether or not Attorney has the right to negotiate the check. If Attorney is not listed as a payee on the check and does not have the [**13] right to negotiate the check, Defendant is not required to provide Attorney with a form 1099. [12] It is important to note that if Attorney's client trust account is listed as a payee on the check, the check is not considered to be made out only to Plaintiff and Defendant will be required to provide a form 1099 to Attorney as well as Plaintiff. [13]

---

11 Treas. Reg. § 1.6045-5(d)(4) ( [HN15] "Payment by check to an attorney means a check on which the attorney is named as a sole, joint, or alternative payee. The attorney is the payee on a check written to the attorney's client trust fund. However, the attorney is not a payee when the attorney's name is included on the payee line as 'in care of,' such as a check written to 'client c/o attorney,' or if the attorney's name is included on the check in any other manner that does not give the attorney the right to negotiate the check.")

12 *Id.*

13 *Id.*

---

[HN16] If the check is made payable to only Plaintiff, but the check is delivered to Attorney because it is addressed to Plaintiff "in care of "or "c/o" Attorney, Defendant is not required to provide a form 1099 to Attorney, but is required to provide a form 1099 to Plaintiff. [14]

---

14 Treas. Reg. § 1.6045-5 Example 4. ( [HN17] "Check [**14] made payable to claimant, but delivered to nonpayee attorney. Corporation P is a defendant in a suit for damages in which C, the plaintiff, has been represented by attorney A throughout the proceeding. P settles the suit for $ 300,000. Pursuant to a request by A, P writes the $ 300,000 settlement check payable solely to C and delivers it to A at A's office. P is not required to file an information return under paragraph (a)(1) of this section with respect to A, because there is no payment to an attorney within the meaning of paragraph (d)(4) of this section.")

---

**(b) A check make out only to Attorney**

[HN18] If some or all of the judgment or settlement payment is includable in Plaintiff's gross income, and the check is made payable [*1236] to only Attorney, Defendant is required to provide a form 1099 to both Attorney and Plaintiff.

1:11-cv-13393-TLL-CEB   Doc # 19-1   Filed 08/13/12   Pg 10 of 12   Pg ID 83

Page 10

517 F. Supp. 2d 1231, *1236; 2007 U.S. Dist. LEXIS 77129, **14;
101 A.F.T.R.2d (RIA) 737

[15] This is because Defendant has separate obligations under the I.R.C. to provide Attorney and Plaintiff with form 1099s. [16] Treas. Reg. § 1.6045-5 states that Defendant must provide Attorney with a form 1099 for payments over $ 600 whether or not the attorney's services were performed for Defendant and whether or not Defendant is required to provide additional form 1099s. [17]  **[\*\*15]**  Treas. Reg. § 1.6041-1 states that Defendant is also required to provide Plaintiff with a form 1099 for payments made over $ 600 if the payment is considered gross income to Plaintiff. [18] Therefore, when a check is made out to only Attorney and the payment is considered gross income to Plaintiff, Defendant is required to provide form 1099s to Attorney and Plaintiff.

15 I.R.C. § 6045(f); Treas. Reg. § 1.6041-1(a)(1)(i); Treas. Reg. § 1.6045-5(a)(1); Treas. Reg. § 1.6045-5(a)(1)(ii).

16  [HN19] Defendant is required to provide individuals and businesses with a form 1099s under I.R.C § 6041 and Treas. Reg. § 1.6041-1. Defendant is required to provide Attorney with a form 1099 under I.R.C § 6045 and Treas. Reg. § 1.6045-5 regardless of whether or not Defendant has provided form 1099s to any one else representing the same payment.

17 Treas. Reg. § 1.6045-5 ( [HN20] "every payor engaged in a trade or business who, in the course of that trade or business, makes payments aggregating $ 600 or more during a calendar year to an attorney in connection with legal services (whether or not the services are performed for the payor) must file an information return for such payments. . . The requirements of this paragraph (a)(1)  **[\*\*16]** apply whether or not-- (i) A portion of a payment is kept by the attorney as compensation for legal services rendered; or (ii) Other information returns are required with respect to some or all of a payment under other provisions of the Internal Revenue Code and the regulations thereunder.")

18 Treas. Reg § 1.6041-1 ( [HN21] "every person engaged in a trade or business shall make an information return for each calendar year with respect to payments it makes during the calendar year in the course of its trade or business to another person of fixed or determinable income.")

### (c) A check made out to Attorney and Plaintiff

 [HN22] If some or all of the judgment or settlement payment is includable in Plaintiff's gross income and the check is made payable to both Attorney and Plaintiff, Defendant is required to provide form 1099s to both Attorney and Plaintiff. This is because Defendant has separate obligations under the I.R.C. and Treas. Regs. to provide Attorney and Plaintiff with form 1099s. [19] Additionally, a check made payable to Attorney's client trust account is considered to be made payable to Attorney. [20] Therefore, if a check is made payable  **[\*1237]**  to both Attorney's client trust account and Plaintiff, Defendant  **[\*\*17]** will be required to provide form 1099s to both Attorney and Plaintiff. [21]

19  [HN23] I.R.C § 6041 and Treas. Reg. § 1.6041-1 require Defendant to provide individuals and businesses with form 1099s, I.R.C § 6045 and Treas. Reg. § 1.6045-5 require Defendant to provide Attorney with form 1099s even when other form 1099s have been issued. Specifically, Treasury Regulation 1.6045-5 provides that the requirement to issue a form 1099 to attorney applies "whether or not . . . (ii) Other information returns are required with respect to some or all of a payment under other provisions of the Internal Revenue Code and the regulations thereunder." Treas. Reg. § 1.6041-1(a)(1)(iii) explains that for payments made after January 1, 2007, "a person who, in the course of a trade or business, pays $ 600 of taxable damages to a claimant by paying that amount to the claimant's attorney is required to file an information return under section 6041 with respect to the claimant, as well as another information return under section 6045(f) with respect to the claimant's attorney."

20 Treas. Reg. § 1.6045-5(d) ( [HN24] "The attorney is the payee on a check written to the attorney's client trust fund.")

21 Treas. Reg. § 1.6045-5 Example  **[\*\*18]** 1 (" [HN25] One check--joint payees--taxable to claimant. Employee C, who sues employer P for back wages, is represented by attorney A. P settles the suit for $ 300,000. The $ 300,000 represents taxable wages to C under existing legal principles. P writes a settlement check payable jointly to C and A in the amount of $ 200,000, net of income and FICA tax withholding with respect to C. P delivers the check to A. A retains $ 100,000 of the payment as compensation for legal services and disburses the remaining $ 100,000 to C. P must file an information return with respect to A for $ 200,000 under paragraph (a)(1) of this section. P also must file an information return with respect to C under sections 6041 and 6051, in the amount of $ 300,000.")

1:11-cv-13393-TLL-CEB   Doc # 19-1   Filed 08/13/12   Pg 11 of 12   Pg ID 84

Page 11

517 F. Supp. 2d 1231, *1237; 2007 U.S. Dist. LEXIS 77129, **18;
101 A.F.T.R.2d (RIA) 737

**(d) Separate checks to Attorney and Plaintiff**

[HN26] If separate checks are made out to Attorney and to Plaintiff that are payable to only Attorney and to only Plaintiff respectively, Defendant is required to provide Attorney with a form 1099 in the amount of the check made out to Attorney and provide Plaintiff with a form 1099 for the total amount of the judgment or settlement payment that is includable in Plaintiff's gross income (including the payment to Attorney). **[**19]** [22] Therefore, if a judgment or settlement is entered against Defendant for $ 300,000, and Attorney and Plaintiff request that Defendant provide Attorney with a check payable to only Attorney for $ 100,000 for Attorney's fees and provide Plaintiff with a check payable to only Plaintiff for $ 200,000, Defendant must provide Attorney with a form 1099 in the amount of $ 100,000 and provide Plaintiff with a form 1099 in the amount of $ 300,000. [23]

22 Treas. Reg. § 1.6041-1(a) ( [HN27] "every person engaged in a trade or business shall make an information return for each calendar year with respect to payments it makes during the calendar year in the course of its trade or business to another person of fixed or determinable income. . . (f) Amount to be reported when fees, expenses or commissions are deducted (1) In general. The amount to be reported as paid to a payee is the amount includible in the gross income of the payee (which in many cases will be the gross amount of the payment or payments before fees, commissions, expenses, or other amounts owed by the payee to another person have been deducted), whether the payment is made jointly or separately to the payee and another person.")

23 Treas. Reg. § 1.6045-5 **[**20]** Example 3 ( [HN28] "Separate checks--taxable to claimant. C, an individual plaintiff in a suit for lost profits against corporation P, is represented by attorney A. P settles the suit for $ 300,000, all of which will be includible in C's gross income. A requests P to write two checks, one payable to A in the amount of $ 100,000 as compensation for legal services and the other payable to C in the amount of $ 200,000. P writes the checks in accordance with A's instructions and delivers both checks to A. P must file an information return with respect to A for $ 100,000 under paragraph (a)(1) of this section. Pursuant to § 1.6041-1(a) and (f), P must file an information return with respect to C for the $ 300,000.")

**(e) A check made out to multiple Attorneys**

[HN29] If multiple attorneys are listed as payees on the check, Defendant must provide a form 1099 to the payee attorney to which the check is delivered. [24] If multiple attorneys are listed as payees on the check, but the check is delivered to someone who is not a payee, Defendant must provide a **[*1238]** form 1099 to the first named payee Attorney on the check. [25]

24 Treas. Reg. § 1.6045-5(b)(1)(i)(b) ( [HN30] "Special rules--(1) Joint or multiple payees--(i) Check delivered **[**21]** to one payee attorney. If more than one attorney is listed as a payee on a check, an information return must be filed under paragraph (a)(1) of this section with respect to the payee attorney to whom the check is delivered.")

25 Treas. Reg. § 1.6045-5(b)(1)(iii) ( [HN31] "Check delivered to nonpayee. If two or more attorneys are listed as payees on a check, but the check is delivered to a person who is not a payee on the check, an information return must be filed under paragraph (a)(1) of this section with respect to the first-listed payee attorney on the check.")

**(f) Another method of payment such as cash, wire transfer or electronic transfer**

[HN32] The rules regarding form 1099s apply to all settlement or judgment payments including payments made with cash, wire transfer, electronic transfer or any other form of payment. [26] Payments made by alternative methods should be treated as if they were made by check and follow the same rules as discussed above.

26 Treas. Reg. § 1.6045-5(d)(4) ( [HN33] "Payments to an attorney include payments by check or other method such as cash, wire or electronic transfer.")

1:11-cv-13393-TLL-CEB Doc # 19-1 Filed 08/13/12 Pg 12 of 12 Pg ID 85

Page 12

517 F. Supp. 2d 1231, *1238; 2007 U.S. Dist. LEXIS 77129, **21;
101 A.F.T.R.2d (RIA) 737

**II. Parties' Settlement**

The parties do not dispute that Defendant is engaged in a trade or business and will [**22] be making the settlement payment in the course of such trade or business. Also, the parties do not dispute that the settlement payment constitutes gross income to Plaintiff.

In light of the foregoing, Attorney requested additional time to confer with his client to determine Plaintiff's preferred method of payment. Once Plaintiff has decided exactly how she would prefer Defendant to pay the settlement amount, Attorney is instructed to forward Plaintiff's request to Defendant. Defendant will then issue any and all form 1099s required by law with respect to the payment.

IT IS HEREBY ORDERED Plaintiff's Attorney must confer with his client and inform Defendant of Plaintiff's preferred method of payment by October 24, 2007. Defendant will then issue any and all form 1099s required by law with respect to the settlement payment.

IT IS SO ORDERED

DATED: October 17, 2007

Hon. Leo S. Papas

U.S. Magistrate Judge