UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY McNALLY,

    *Plaintiff*,

                                  Case No. 11-cv-13393

*v*.

RECEIVABLES PERFORMANCE        DISTRICT JUDGE THOMAS L. LUDINGTON
MANAGEMENT, LLC,                 MAGISTRATE JUDGE CHARLES E. BINDER

    *Defendant*.
_____/

### ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT
(Doc. 18)

> This order is entered under the authority given to this magistrate judge by an order of reference issued by United States District Judge Thomas L. Ludington pursuant to 28 U.S.C. § 636(b).

On July 30, 2012, Plaintiff filed a motion to enforce settlement and to impose sanctions. (Doc. 18.) Defendant responded on August 13, 2012, and requested an entry of dismissal with prejudice. (Doc. 19.)

Plaintiff contends that Defendant has violated the settlement agreement by demanding that Plaintiff tender a W-9 form before Defendant will issue Plaintiff a check for the settlement amount. Pursuant to the Internal Revenue Code, taxpayers are required to report all gross income, which is defined as "all income from whatever source derived." 26 U.S.C. § 61(a). Section 61 is to be "construed liberally 'in recognition of the intention of Congress to tax all gains except those specifically exempted.'" *Greer v. United States*, 207 F.3d 322, 326 (6th Cir. 2000) (citation omitted). Section 104(a)(2) of the Code provides such an exemption, permitting taxpayers to exclude from income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or

physical sickness." 26 U.S.C. § 104(a)(2). Since the instant lawsuit regards debt collection practices and Plaintiff did not allege any physical injuries, the exemption does not apply and Plaintiff will be required to include the settlement proceeds in her gross income on her personal income tax return. Correspondingly, Defendant, as payor, is responsible for providing Plaintiff with a 1099 form[1] indicating the amount of settlement proceeds paid, assuming the amount exceeds six hundred dollars. 26 U.S.C. § 6041(a) (applying to "[a]ll persons engaged in a trade or business and making payment in the course of such trade or business"). *See also Johnson v. LPL Financial Servs.,* 517 F. Supp. 2d 1231 (S.D. Cal. 2007) (discussing 1099 requirements with respect to settlement payments made to individuals).

Plaintiff argues that since the settlement agreement does not mention Defendant's reporting requirement or that Defendant would be requesting a W-9 form in pursuit of that reporting requirement, Defendant has no cause for refusing to issue the payment to Plaintiff prior to her execution of a W-9 form. (Doc. 18 at 4.) However, where a settlement agreement is silent as to whether a 1099 form is needed, "the court leaves the decision to file a 1099 with the payor, the party who typically decides whether to file the form and the party who is subject to penalties should it incorrectly decide not to file the form." *McCormick v. Brzezinski*, No. 08-10075, 2010 WL 2105110, at *2 (E.D. Mich. May 21, 2010). Accordingly, even if there were some dispute as to whether the settlement amount can be considered gross income that Plaintiff would be obligated to report, and a concomitant argument whether Defendant needed to issue the 1099 form, Defendant would nonetheless be entitled to take the most protective approach by issuing and filing the 1099 form.

In order to properly complete the 1099 form, Defendant must be made aware of Plaintiff's

---

[1] A 1009 form is an informational statement businesses are required to provide to the recipient of a payment in order to report certain transactions to the Internal Revenue Service. *See* http://www.irs.gov.

taxpayer identification number, which most often is an individual's social security number. It is not unusual for payors to request a W-9 form from the payee to assure accurate tax reporting. *See, e.g., Chappell v. International Steel Group,* No. 2:07-cv-135, 2010 WL 746760 (N.D. Ind. Feb. 26, 2010) (concluding that settlement payment was reportable gross income and not disturbing requirement that the plaintiff sign a W-9 form before payment would be made); *Hawkins v. Comm'r of Internal Revenue*, No. 22833-05, T. C. Memo 2007-286, 2007 WL 2736219, at *3 (U.S. Tax Ct. Sept. 30, 2007) (holding that settlement monies were not exempted from gross income and not disturbing payor's requirement that a W-9 form be completed as a "condition precedent" to payment). Since Plaintiff does not allege – and the Court cannot discern – any reason why filling out a W-9 form would be more burdensome than providing a proper tax identification number in any other form, I find Defendant's request for a completed W-9 form to be reasonable.

Accordingly, Plaintiff's Motion to Enforce Settlement is **DENIED**. To the extent that Defendant has moved for dismissal, that motion is also denied. As I find that neither party has engaged in any sanctionable conduct, no sanctions will be imposed on either party.

**IT IS SO ORDERED**.

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

s/ 𝕮𝖍𝖆𝖗𝖑𝖊𝖘 𝕰 𝕭𝖎𝖓𝖉𝖊𝖗
CHARLES E. BINDER
Dated: August 27, 2012          United States Magistrate Judge

3

## **CERTIFICATION**

  I hereby certify that this order was electronically filed this date and electronically served on the attorneys of record via the Court's ECF System.

Date: August 27, 2012  By s/Patricia T. Morris
             Law Clerk to Magistrate Judge Binder